[No. 10976. Department One. July 8, 1913.]

STEVE YENCO, *Respondent*, v. JULIA BALLOG *et al.,*
*Appellants.*[1]

APPEAL—REVIEW—FINDINGS. Findings upon directly conflicting
evidence of witnesses heard and seen by the trial court will not be
disturbed on appeal when warranted by the evidence.

Appeal from a judgment of the superior court for Pierce
county, Clifford, J., entered July 1, 1912, upon findings in
favor of the plaintiff, after a trial on the merits before the
court without a jury, in an action to quiet title. Affirmed.

*Davis & Neal*, for appellants.

*Louis I. Lefebvre*, for respondent.

PARKER, J.—The plaintiff seeks to have his title to a lot
in Tacoma quieted as against the claim of the defendants
thereto, which claim is rested upon a sheriff's sale of all of
the right, title and interest of Mary Dzurik therein under a
judgment rendered against her in the superior court of
Pierce county. A judgment was rendered in favor of the
plaintiff, quieting his title as against the claim of the defend-
ants, upon the ground that, neither at the time of the render-
ing of the judgment under which the sheriff's sale was made,
nor at any time thereafter, did Mary Dzurik have any right,
title or interest in the lot, either in law or equity; but that at
such times the plaintiff was the lawful owner thereof, free
from any claims of Mary Dzurik. From this disposition of
the cause, the defendants have appealed.

In April, 1909, while Mary Dzurik was the owner of the
lot in question, she made an assault upon Julia Ballog, re-
sulting in personal injuries to the latter. Thereafter, on
May 3, 1909, Mary Dzurik conveyed the lot to her brother,
Steve Yenco, this respondent. Thereafter, on July 8, 1909,

[1]Reported in 133 Pac. 1198.

Julia Ballog and her husband commenced an action in the superior court of Pierce county, seeking recovery of damages from Mary Dzurik on account of the personal injuries resulting from the assault made by her upon Julia Ballog. That action resulted in judgment against Mary Dzurik in favor of Julia Ballog and her husband for the sum of $150 and costs. Thereafter, on July 8, 1911, execution was duly issued upon that judgment, resulting in the sale by the sheriff of Pierce county of all the right, title and interest of Mary Dzurik in and to the lot. It is upon this judgment and sheriff's sale that appellants' rest their claim of title to the lot. The main question presented by the issues raised in the pleadings is whether the deed executed by Mary Dzurik to respondent, after her assault upon Julia Ballog and before the commencement of the action for damages claimed on account of the injuries resulting from that assault, was fraudulently made for the purpose of defrauding the creditors of Mary Dzurik, and particularly Julia Ballog and her husband.

The argument of learned counsel for appellants is addressed almost wholly to questions of fact. The controlling evidence, other than the deed from Mary Dzurik to respondent and the record of the action for damages, consists of testimony of witnesses given in open court. This testimony is in hopeless conflict, is very much involved, was given largely through an interpreter, and shows the parties to the action to be of foreign birth and of but little experience touching the nature of the ownership of real property under our laws. We will not undertake the seemingly hopeless task of analyzing this testimony in detail with a view of demonstrating the truth or falsity of the various conflicting statements therein; we deem it sufficient to say that we have read the entire testimony and are convinced therefrom that the learned trial court, seeing and hearing the witnesses, was warranted in believing that the deed was given for a valuable, adequate money consideration passing from respondent to Mary

Dzurik, and that, at the time of its execution, neither Mary Dzurik nor respondent knew that Julia Ballog and her husband were contemplating an action against Mary Dzurik for damages on account of the assault made by her upon Julia Ballog, and that the deed was not given with a view of defrauding Julia Ballog and her husband by seeking to prevent the collection of any judgment they might recover in such an action.

While the evidence is not free from suspicious circumstances pointing to an intent on the part of Mary Dzurik and respondent to defraud Julia Ballog and her husband by the conveyance of the lot to prevent collection of any judgment which might be recovered on account of the assault, in view of the whole record, we cannot say that the learned trial court was in error in declining to take the view that the deed was given with such fraudulent intent. We think no useful purpose would be served by a further detailed discussion of the facts involved. Other errors are suggested relating to the admission and rejection of evidence; we think, however, that whatever our view might be relative thereto, they are of such minor importance that our conclusion upon the correctness of the learned trial court's decision upon the merits would not be different, in view of the fact that this is an equity case tried before the court without a jury. We are constrained to hold that the court did not err in its decision in favor of respondent.

The judgment is therefore affirmed.

CHADWICK, GOSE, and MAIN, JJ., concur.